IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 24-1222 T
(Judge Robin M. Meriweather)

HEARING CENTERS OF RHODE ISLAND, LLC,

                                                Plaintiff,

v.

THE UNITED STATES,

                                                Defendant.

**JOINT STATUS REPORT**

The parties file this joint status report in response to the Court's Order (Dkt. 11) of September 18, 2024, seeking their positions on consolidating the above-captioned case with *R.I. Ear, Nose and Throat Physicians, Inc. v. USA*, No. 24-1202.

Plaintiff's position

Plaintiff agrees that the 24-1202 and 24-1222 involve common questions of law and fact such that their consolidation would be in the interest of judicial economy. *See* RCFC 42(a). Not only are there common questions of law and fact, but determining whether a refund is due in either of these cases requires including both entities in the analysis. The plaintiffs in both of these cases are owned by the same group of doctors and are treated as a single employer for purposes of section 52 of the Internal Revenue Code. Therefore, plaintiff agrees that the cases should be consolidated.

1

Defendant's position

The United States agrees that the cases 24-1202 and 24-1222 involve common questions of law and fact such that their consolidation would be in the interest of judicial economy. *See* RCFC 42(a). However, the United States notes that the Court's Order characterizes plaintiff's argument for consolidation as twofold: "because both plaintiff-entities are treated as a single employer under Section 2301(d) of the CARES Act and because both plaintiff-entities rely on the same facts to support their respective claims." Dkt. 11 at 1. While the United States agrees that the two complaints "rely on the same facts to support their respective claims," we note that whether the plaintiff-entities constitute "a single employer" under the CARES Act is a separate legal question that will require discovery to establish. Therefore, the United States' lack of objection to consolidation should not be construed as any sort of legal or factual admission as to the relatedness of the two plaintiff-entities for purposes of the CARES Act's definition of "single employer."

Dated: September 24, 2024              /s/ *Scott A. Knott*
                                       SCOTT A. KNOTT
                                       1411 K Street, N.W.
                                       Suite 600
                                       Washington, DC 20005-3499
                                       (202) 775-1630
                                       scott@lynamknott.com

                                       *Attorney for Plaintiffs*

Dated: September 24, 2024              /s/*Alex Schulman*
                                       ALEX SCHULMAN
                                       Trial Attorney for Defendant
                                       U.S. Department of Justice
                                       Tax Division
                                       Court of Federal Claims Section
                                       Post Office Box 26
                                       Ben Franklin Post Office

Washington, D.C. 20044
Telephone: (202) 514-0456
Fax: (202) 514-9440
Alexander.Schulman@usdoj.gov

DAVID A. HUBBERT
Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief

*/s/ G. Robson Stewart*
Of Counsel